IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHASSIDY AKBAR, et al., : | |
| Plaintiffs, | |
| v. : | Case No. 3:18-cv-339 |
| ZAM CHIN KHAI, et al., | JUDGE WALTER H. RICE |
| Defendants. : | |

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF HEALTHCARE REIMBURSEMENT DETERMINATIONS (DOC. #56)

Plaintiffs have filed a motion in *limine* ("Motion"), Doc. #56, seeking an order from this Court excluding Defendants from introducing into evidence the amount that insurers have reimbursed health care providers for services related to any of the Plaintiffs' injuries in this case. Defendants have filed a response in opposition, Doc. #57, and Plaintiffs have filed a reply, Doc. #58.

The motion is ripe for decision.

I. **Background and Procedural History**

On October 4, 2016, a motor vehicle accident occurred between Plaintiff, Chassidy Akbar ("Akbar"), the driver of a 2000 Saturn, and Defendant, Zam Chin Khai ("Khai"), the driver of a commercial vehicle owned by Defendant, Swift

Transportation Company of Arizona, LLC, ("Swift"). Immediately before the accident, Akbar was in the right turn lane and stopped at a red light on East Third Street in Dayton, Ohio. Plaintiff, Malik Akbar, was a passenger in his mother's vehicle. Khai was to Akbar's left and in the outermost turning lane. The accident occurred when both vehicles attempted to make a right-hand turn onto North Findlay Street. According to Akbar, as the light turned green and she began her right-hand turn, Khai cut her off and turned into her car before she could complete the turn. Both Akbar and her son sustained injuries.

In their Motion, Plaintiffs argue that O.R.C. § 2317.45, effective March 20, 2019, prohibits any mention of the amount of Plaintiffs' medical expenses negotiated and paid for by insurance. For the reasons explained below, Plaintiffs' Motion is overruled.

## II. Motions *in Limine*

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorizes the Court to rule on an evidentiary motion *in limine*, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to both avoid delay and ensure an evenhanded and expeditious trial. *See Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846

(N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Pretrial orders also often save the parties time and cost in preparing for trial and presenting their cases.

Courts are generally reluctant to grant broad exclusions of evidence *in limine*, however, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998); accord *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). A court should not make a ruling *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Ins. Co.*, 326 F. Supp.2d at 846; *Koch,* 2 F. Supp.2d at 1388. If this high standard is not met, evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial. *Indiana Ins. Co.*, 326 F. Supp.2d at 846.

### III. Legal Discussion

**Because § 2317.45 Applies Only to "Medical Claims," as Defined in § 2305.113, it Does Not Prohibit the Introduction into Evidence of the Amount of Plaintiffs' Medical Expenses Negotiated and Paid for by Insurance**

In *Robinson v. Bates*, 112 Ohio St. 3d 17, 23 (2006), the Ohio Supreme Court held that "[b]oth the original medical bill rendered and the amount accepted as full payment are admissible" to prove the reasonable amount of medical expenses recoverable. The Court in *Robinson* stated that "the reasonable value of

3

medical services is a matter for the jury to determine from all relevant evidence." *Id.* Plaintiffs, however, assert that with the enactment of § 2317.45, effective March 20, 2019, the Ohio legislature changed the Court's holding in *Robinson.* As argued by Plaintiffs, "[T]he original medical bill remains competent evidence of the reasonable value of plaintiff's medical treatment," and reimbursement determinations,[1] as defined in the statute, "have now been excluded by the General Assembly and the plain language of the new statute." Doc. #56, PAGEID#515. In support of their motion, Plaintiffs cite to *Day v DeLong*, Case No. 3:16-cv-437, United States District Court Southern District of Ohio, December 23, 2019, Doc. #219, (Rose, J.). In *Day*, the Court granted a motion *in limine* to exclude evidence of health care reimbursement determinations under § 2317.45 that were issued by the United States Centers for Medicare and Medicaid services or the Ohio Department of Medicaid. *Id.*, PAGEID#4668.

Defendants, however, argue that because the case before this Court is one for injuries sustained in a motor vehicle collision, § 2317.45, does not apply. Instead, they contend this statute applies only to "medical claims" as defined by § 2305.113. Section 2317.45 reads as follows:

> 2317.45 Insurer's health care reimbursement policies inadmissible as evidence in medical claim
>
> (A) As used in this section:

---

[1](5) "Reimbursement policies" means an insurer's policies and procedures governing its decisions regarding the reimbursement of a health care provider for health care services and the method of reimbursement.

4

> (1)"Health care provider" means any person or entity against whom a medical claim may be asserted in a civil action.
>
> (2) "Insurer" means any public or private entity doing or authorized to do any insurance business in this state. "Insurer" includes a self-insuring employer and the United States centers for medicare and medicaid services.
>
> (3) "Medical claim" has the same meaning as in section 2305.113 of the Revised Code.
>
> (4) "Reimbursement determination" means an insurer's determination of whether the insurer will reimburse a health care provider for health care services and the amount of that reimbursement.
>
> (5) "Reimbursement policies" means an insurer's policies and procedures governing its decisions regarding the reimbursement of a health care provider for health care services and the method of reimbursement.
>
> (B) Any insurer's reimbursement policies or reimbursement determination or regulations issued by the United States centers for medicare and medicaid services or the Ohio department of medicaid regarding the health care services provided to the patient in any civil action based on <u>a medical claim</u> are not admissible as evidence for or against any party in the action and may not be used to establish a standard of care or breach of that standard of care in the action. (emphasis added)

Based on the language of § 2317.45, the Court finds that this statute applies only to "medical claims" as defined in §2305.113. The relevant portion of this statute reads as follows:

> (3) "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician

5

> assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

O.R.C. §2305.113(3)

Because the case before the Court is a motor vehicle collision and not one for medical malpractice, § 2317.45 does not apply. Section (B) of this statute specifically states that

> . . . reimbursement policies or reimbursement determination or regulations issued by the United States centers for medicare and medicaid services or the Ohio department of medicaid regarding the health care services provided to the patient in any civil action <u>based on a medical claim</u> are not admissible as evidence for or against any party in the action. . .

(emphasis added).

Plaintiffs reliance on *Day v DeLong* is inapposite since that case, along with *Grossman v Kettering*, 2017-cv-1983(Mont. Co. Comm. Pleas, May 14, 2019) (Huffman, J.), cited in the Court's Entry and Order, included medical malpractice or "medical claims."

**IV. Conclusion**

For the reasons set forth above, Plaintiffs' Motion *in Limine*, Doc. #56, is OVERRULED.

6

Date: October 7, 2020

*Walter H. Rice*

(tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

7