IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHASSIDY AKBAR, et al., :

    Plaintiffs,

v. :

ZAM CHIN KHAI, et al.,     Case No. 3:18-cv-339

    Defendants.     JUDGE WALTER H. RICE

:

---

DECISION AND ENTRY SUSTAINING MOTION FOR PARTIAL SUMMARY JUDGMENT OF DEFENDANTS ZAM CHIN KHAI AND SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC ON PLAINTIFFS' CLAIMS OF NEGLIGENCE PER SE, COUNTS IV AND VI (DOC. #55)

---

Defendants, Zam Chin Khai ("Khai") and Swift Transportation Company of Arizona, LLC ("Swift"), have filed a Motion for Partial Summary Judgment, Doc. #55. Khai and Swift, (collectively "Defendants"), seek dismissal of Counts IV and VI of Plaintiffs' Amended Complaint, Doc. #21. Plaintiffs have not filed a response. The motion is ripe for decision.

I.     **Background Facts**

On October 4, 2016, a motor vehicle accident occurred between Plaintiff, Chassidy Akbar ("Akbar"), the driver of a 2000 Saturn, and Khai, the driver of a commercial vehicle owned by Swift. Immediately before the accident, Akbar was

in the right turn lane and stopped at a red light on East Third Street in Dayton, Ohio. Plaintiff, Malik Akbar, was a passenger in his mother's vehicle. Khai was to Akbar's left and in the outermost turning lane. The accident occurred when both vehicles attempted to make a right-hand turn onto North Findlay Street. According to Akbar, as the light turned green and she began her right-hand turn, Khai cut her off and turned into her car before she could complete the turn. Doc. # 55-1, PAGEID#511-512. Both Akbar and her son sustained injuries.

Count IV of the Amended Complaint alleges negligence *per se* against Khai for violating O.R.C. § 4511.43. Doc. #21, PAGEID#132. This statute requires motorists to stop at stop signs and yield signs and to yield to traffic that is in the intersection or that is approaching the intersection closely enough so as to constitute a hazard. Count VI alleges negligence *per se* against both Khai and Swift for operating a motor vehicle in violation of the O.R.C. § 4511.43, the "Ohio Traffic Regulations" and "Part 390.9 and 390.11 [49 CFR 390.9 and 390.11] of the Federal Motor Carrier Safety Regulations." *Id.* PAGEID##134-135.

II.  **Motion for Summary Judgment**

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and

2

identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 323; see also *Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a

3

court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d ' 2726 (1998). In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). If it so chooses, however, the Court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

**III.    Legal Analysis**

    **A.    Count IV, Negligence *Per Se*, O.R.C. § 4511.43**

Count IV of Plaintiffs' Amended Complaint alleges negligence *per se* against Khai and cites to § 4511.43. Plaintiffs allege that this statute "sets forth a statutory standard of care," that they are within the class of persons the statute was intended to protect and that Khai's violation of this statute was a "substantial factor and/or the direct and proximate cause of serious physical injuries." Doc. #21, PAGEID#132-133. In cases alleging negligence *per se*, "a plaintiff establishes the first two prongs of the negligence test, duty and breach of duty, by merely

4

showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, at ¶ 15. For the violation of a statute to set the appropriate standard of care in a particular situation, it must impose a "specific duty." *See Ohio Edison Co. v. Wartko Constr.* (1995), 103 Ohio App.3d 177, 180, 658 N.E.2d 1118. The statute must set forth "a positive and definite standard of care * * * whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact." *Chambers* at 565, 697 N.E.2d 198.

Although § 4511.43, sets forth a statutory standard of care and its violation may constitute negligence *per se*, it does not apply in this case. Section 4511.43 applies to intersections controlled by stop signs or yield signs. There is no reference in the statute to traffic lights.[1] Akbar has testified that the October 4,

---

[1]O.R.C. 4511.43 provides, in relevant part:

(A) Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways. (B) The driver of a vehicle or trackless trolley approaching a yield sign shall slow down to a speed reasonable for the existing conditions and, if required for safety to stop, shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After slowing or stopping, the driver shall yield the right-of-way to any vehicle or trackless trolley in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the

5

2016, accident occurred at a stop light at the intersection of East Third and Findlay Streets in Dayton, Ohio. Doc No.#54, PAGEID##337-338; *See* Doc. #21, PAGEID#128. There is no indication in her deposition testimony or in the allegations of the Amended Complaint that a stop sign or a yield sign was involved in this accident. Ohio courts have held that a stop sign violation is different than a stop light violation. *State v. Deacey*, 2d Dist. Montgomery No. 27408, 2017-Ohio-8102, ¶ 29; *see also City of Wellston v. Buhl*, 4th Dist. Jackson No. 02CA7, 2003-Ohio-2593.

For the above stated reasons, the Court finds that there are no facts to support a violation of § 4511.43. Accordingly, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law as to Count IV of the Amended Complaint.

### B. Count VI, Negligence *Per Se*, O.R.C. § 4511.43 and the Federal Motor Safety Regulations

Count VI of the Amended Complaint alleges negligence *per se* against Khai and Swift for operating a motor vehicle in violation of § 4511.43, "Ohio Traffic Regulations," and "Parts 390.9 and 390.11" of the Federal Motor Carrier Safety Regulations ("FMCSR"). Doc. #21, PAGEID#134.

---

intersection or junction of roadways. Whenever a driver is involved in a collision with a vehicle or trackless trolley in the intersection or junction of roadways, after driving past a yield sign without stopping, the collision shall be prima-facie evidence of the driver's failure to yield the right-of-way.

For the reasons stated in the preceding section, the Court finds that there is no factual evidence to support the application of § 4511.43, a statue applying to yield signs and stop signs, to the undisputed facts in this case which involve a traffic light. With respect to negligence *per se* for alleged violations of the "Ohio Traffic Regulations," this general reference in the Amended Complaint does not set forth "a positive and definite standard of care * * * whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact." *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 374-75, 119 N.E.2d 440 (violation of statutory provisions requiring no turn unless driver exercises due care to determine that turn can be made with reasonable safety to others or after appropriate signal and that signal to turn shall be given in sufficient time to warn others are not specific requirements, violation of which constitutes negligence *per se*). Finally, Parts 390.9 and 390.11 of the FMCSRs are administrative rules and not legislatively enacted statutes dictating public policy. *Chambers*, 82 Ohio St. 3d 567(violation of administrative rules does not constitute negligence *per se*). Additionally, violations of the FMCSR do not create private causes of action. *Moran v. Ruan Logistics*, S.D. Ohio No. 1:18-cv-223, 2018 WL 4491376 at *8 (Sep. 18, 2018) (Black, J.) ("Plaintiffs have conceded that there is no private cause of action for violation of the FMCSR and have agreed to eliminate this claim.").

For the above stated reasons, the Court finds that that there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law as to Count VI.

### IV. Conclusion

For the reasons set forth above, Defendants' Motion for Partial Summary Judgment, Doc. #55, is SUSTAINED as to Count IV and Count VI.

Date: October 7, 2020

*Walter H. Rice* (tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE