IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHASSIDY AKBAR, et al., : | |
| Plaintiffs, : | |
| v. : | Case No. 3:18-cv-339 |
| ZAM CHIN KHAI, et al., : | JUDGE WALTER H. RICE |
| Defendants. : | |

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SWIFT'S ACCIDENT PREVENTABILITY DETERMINATION (DOC. #64); PLAINTIFFS ARE BARRED FROM MAKING ANY STATEMENT OR INTRODUCING ANY EVIDENCE THAT DEFENDANT SWIFT DETERMINED THAT THE SUBJECT ACCIDENT WAS PREVENTABLE UNTIL EVIDENCE IS PROFFERED EXPLAINING HOW SWIFT REACHED ITS PREVENTABILITY DETERMINATION AND THEN ONLY IF THE EVIDENCE IS ULTIMATELY DETERMINED TO BE ADMISSIBLE

Defendants, Swift Transportation Company of Arizona, LLC, ("Swift"), and Zam Chin Kkai, ("Khai"), (collectively "Defendants"), have filed a motion *in limine* ("Motion"), Doc. #64, pursuant to Rules 401 and 403 of the Federal Rules of Evidence. The Motion seeks an order from this Court excluding evidence at trial regarding Swift's determination that the subject accident was "preventable." Plaintiffs have filed a response in opposition, Doc. #65, and Defendants have filed a reply, Doc. #66.

This Motion is now ripe for decision.

I. **Background**

On October 4, 2016, a motor vehicle accident occurred between Plaintiff, Chassidy Akbar, ("Akbar"), the driver of a 2000 Saturn, and Khai, the driver of a commercial vehicle owned by Swift. Immediately before the accident, Akbar was in the right turn lane and stopped at a red light on East Third Street in Dayton, Ohio. Plaintiff, Malik Akbar, was a passenger in his mother's vehicle. Khai was to Akbar's left and in the outermost turning lane. The accident occurred when both vehicles attempted to make a right-hand turn onto North Findlay Street. According to Akbar, as the light turned green and she began her right-hand turn, Khai cut her off and turned into her car before she could complete the turn. Both Akbar and her son sustained injuries. Although Swift determined in its internal investigation that the accident was "preventable" and terminated Khai, liability is disputed.

Defendants move to exclude Swift's determination that the accident with Plaintiffs was "preventable."[1] They cite to Rules 401 and 403 of the Federal Rules of Evidence and argue that because the only remaining causes of action are negligence and negligence *per se*, any probative value of determining that the accident was "preventable" is substantially outweighed by the risk of misleading the jury on the standard of care and unfairly prejudicing Defendants.

---

[1] Although Khai was questioned during his deposition concerning three prior accidents that were also determined by Swift to be "preventable," Doc. #63, PageID##583-585, Defendants Motion only concerns Plaintiffs' accident. Doc. #64, PageId#698.

2

## II. Motions *in Limine*

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorizes the Court to rule on an evidentiary motion *in limine*, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to both avoid delay and ensure an evenhanded and expeditious trial. *See Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Pretrial orders also often save the parties time and cost in preparing for trial and presenting their cases.

Courts are generally reluctant to grant broad exclusions of evidence *in limine*, however, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998); accord *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  A court should not make a ruling *in limine* unless the moving party meets its burden of showing that the evidence is clearly inadmissible. *Indiana Ins. Co.*, 326 F. Supp.2d at 846; *Koch*, 2 F. Supp.2d at 1388. If this high standard is not met, evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial. *Indiana Ins. Co.*, 326 F. Supp.2d at 846.

**III. Legal Analysis**

Relevant evidence is defined under Fed. R. Evid. 401 as "'[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Whittington*, 455 F.3d 736, 738 (citing *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir.1998). Relevant evidence may not be excluded "if it has the slightest probative worth" and "'[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered." *Id.*, (citation omitted). Under Rule 403, however, "courts may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In this case, Defendants argue that permitting evidence that the subject accident was "preventable" will confuse the issues and mislead the jury because "preventability" is a different standard than negligence. They assert that "[p]reventability involves the application of a term of art specific to the motor carrier industry, based on a regulatory standard that is not the same as the negligence standard under Ohio law." Doc. #64, PageID#699.

In Ohio "negligence" is defined as "a failure to use reasonable care." *Ohio Jury Instructions*, CV § 401.01 (Rev. May 12, 2012). "Reasonable ordinary care" is defined as "the care that a reasonably careful person would use under the same

4

or similar circumstances." *Ohio Jury Instructions*, CV § 401.01 (Rev. May 12, 2012). Defendants assert that the introduction of evidence regarding the "preventability" of the subject accident will confuse the jury when determining whether Khai was negligent or negligent *per se*.

Under Ohio law, the definition of whether an accident is "preventable" is vague at best. For instance, Merriam Webster's Dictionary defines "prevent" as "to keep from happening or existing.[2]" The Federal Motor Carrier Safety Regulations define a "preventable accident" as an accident "(1) that involved a commercial motor vehicle, and (2) that could have been averted but for an act, or failure to act, by the motor carrier or the driver" 49 C.F.R. § 385.3. Furthermore, the National Safety Council, a 501(c) non-profit organization, defines a "preventable accident," as an accident where "the driver failed to do everything that reasonably could have been done to avoid the accident." *Villalba v. Consolidated Freightways Corp.*, Case. No. 98 C 5347, 2000 WL 1154073, at *6 (N.D. Ill. Aug. 14, 2000) (evidence of defendant trucking company's determination that accident was "preventable" pursuant to National Safety Council standard excluded due to danger of suggesting the jury decide negligence by "improper reference to the preventability standard").

When no clear evidence establishes what standard or definition has been used to define "preventability" or a "preventable accident," courts may exclude

---

[2] *Prevent*, MERRIAM-WEBSTER.COM, http://merriam-webster.com/dictionary/preventable (last visited Dec. 14, 2020).

evidence regarding whether an accident was considered "preventable." *Rogge v. Estes Express Lines*, 2014 WL 5824766 (N.D. Ohio Nov. 10, 2014).

In *Rogge*, a tractor-trailer collided with another vehicle that was disabled on the berm of the road. The plaintiff in *Rogge* sought to introduce evidence that the defendant trucking company had classified the accident as "preventable." The court, however, excluded this evidence as "unreliable," since "[T]here is no indication that the opinion is based on national, company, or personal standards." *Id.* at *6-7. Like the defendant trucking company in *Rogge*, Swift argues that its classification of Khai's current accident as "preventable" must be excluded since Plaintiffs have failed to provide any evidence of how Swift defined "preventable."

Plaintiffs argue, however, that Swift's determination that the subject accident was "preventable" should not be excluded. In support, they cite *Brossette v. Swift Transp. Co.,* No. 07-0888, 2008 U.S. Dist. LEXIS 112907 (W.D. La. Oct. 29, 2008).

In *Brossette*, Swift sought to exclude evidence that it had determined an accident was "preventable." As in the instant case, it argued that permitting this "preventable" finding into evidence would confuse and mislead the jury and quoted the definition of "preventable" used by the National Safety Council and "the definition of a 'preventable accident' in the Federal Motor Carrier Safety Regulations" with "Louisiana's duty-risk negligence analysis." *Id.*, at *5. It asserted that using these definitions of "preventability" in a negligence case is "like comparing 'apples to oranges'" and will only confuse and mislead the jury.

6

*Id*. The district court rejected any standard from the National Safety Council noting that this organization was a "non-profit organization rather than an arm of the Department of Transportation" and in doing so disregarded Swift's reliance on *Villalba v. Consolidated Freightways Corp. Id.*, at *6. The court noted that "Swift Transportation claims it applied an unspecified DOT regulation to assess the preventability of the collision at issue in this case." *Id*. at *6. Citing to the Federal Motor Carrier Safety Regulations, the court stated that "[T]he meaning of 'preventable' embodied in that regulation is no different from the meaning of the term in ordinary usage. Accordingly, no confusion or prejudice would result from the introduction of the contested evidence." *Id.*, at *7.

In this case, there is no evidence presently before the Court explaining the standard Swift used in determining that the accident was "preventable." Neither Defendants nor Plaintiffs address this issue. As such, a potential exists for confusing and misleading the jury because of differing standards defining "preventable" accidents from claims of negligence and negligence *per se*. Exclusion of all evidence at this stage of the proceedings, however, will prejudice Plaintiffs, since evidence could be introduced at trial (after a proffer of same) that explains the standard Swift used in reaching its determination that the subject accident was "preventable."

7

## IV. Conclusion

For the reasons set forth above, Defendants' Motion *in Limine*, Doc. #64, is SUSTAINED in part and OVERRULED in part.  Specifically, until evidence is proffered explaining how Swift reached its "preventability" determination, no evidence, testimony or statement of counsel, even during *voir dire* and in opening statements, is permitted referring to Swift's finding that the subject accident was "preventable." The parties, during the proffer, are permitted to question witnesses to determine the standard Swift used and/or to introduce evidence that explains how it found that the subject accident was "preventable." Following the conclusion of the proffer, the Court will rule on the evidentiary issue discussed herein.

Date: March 31, 2021

*Walter H. Rice* (tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE