IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHASSIDY AKBAR, et al., :

    Plaintiffs, :

v. :   Case No. 3:18-cv-339

ZAM CHIN KHAI, et al., :   JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR LACK OF PROSECUTION PURSUANT TO FED. R. CIVIL PROCEDURE 41(b) (DOC. #73); PLAINTIFFS' CASE IS DISMISSED FOR LACK OF PROSECUTION WITHOUT PREJUDICE TO REFILING FOR FAILURE TO COMPLY WITH COURT'S NOTATION ORDER OF JANUARY 19, 2021; OVERRULING AS MOOT DEFENDANTS' REQUEST FOR A STATUS CONFERENCE (DOC. #74); TERMINATION ENTRY

---

This matter is before the Court pursuant to a Motion to Dismiss for Lack of Prosecution ("Motion") filed by Defendants, Swift Transportation Company of Arizona, LLC, and Zam Chin Khai (collectively "Defendants"). Doc. #73. Defendants argue that the claims of Plaintiffs, Chassidy Akbar, individually ("Plaintiff") and as the natural mother and guardian of a minor, Malik Akbar (collectively "Plaintiffs"), should be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b),[1] for their "repeated failure to cooperate in discovery,

---

[1] (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

prosecute her claims[,] and comply with this Court's" Notation Order of January 19, 2021, "requiring her to obtain new counsel by February 18, 2021." Doc. #73, PageID#742. Chassidy Akbar, who is *pro se*, has filed no response to Defendants' Motion or to this Court's Notation Order. For the reasons set forth below, the Court dismisses this action without prejudice for failure to prosecute.

I. **Background and Standard of Review**

Defendants' first argue that dismissal with prejudice is appropriate for failure to prosecute because Plaintiff was responsible for several unnecessary discovery disputes. Specifically, they contend that as a result of "Plaintiff's [Chassidy Akbar's] repeated refusal to cooperate in discovery," there were "at least eleven meet and confer emails, numerous phone calls to Plaintiffs' counsel and five discovery conferences with this Court to address Plaintiff's failure to provide discovery."[2] Doc. #73, PageID#746. These discovery disputes included the filing by Defendants of a Motion for a Physical Examination of Plaintiff pursuant to Fed. R. Civ. P. 35, Doc. #41, and a Motion to Compel to obtain records of Plaintiff's lost wage claim and to receive from her executed medical

---

Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits

[2] These discovery disputes were heard by Judge Michael J. Newman, United States District Court Judge for the Southern District of Ohio, then the assigned Magistrate Judge to this case.

2

authorizations. Doc. #47.[3] To obtain "meaningful responses to discovery," Defendants contend that they have spent $9,326.50 in costs and legal fees due to Plaintiff's inadequate and/or incomplete discovery responses. *Id.*

In addition to arguing that Plaintiff's failure to prosecute her claims is "evidenced by her repeated failure to cooperate in discovery," Defendants also assert that Plaintiff has failed to prosecute her claims by not complying with this Court's January 19, 2021, Notation Order. In this Notation Order, the Court sustained an earlier Motion to Withdraw filed by Plaintiff's former counsel, Doc. #71, and further stated that Plaintiff was "given 30 days to obtain new counsel."

In deciding motions to dismiss pursuant to Fed. R. Civ. P. Rule 41(b), the Sixth Circuit has held that district courts have "the authority to dismiss an action for failure of a plaintiff to prosecute the claims or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008), citing *Knoll v. AT & T*, 176 F.3d 359, 362–63 (6th Cir.1999). Dismissal, however, is considered a "harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the

---

[3] The Motion for a Physical Examination was resolved after an informal discovery conference with counsel for the parties and the Magistrate Judge. Doc. #44. Thereafter, the Magistrate Judge issued a Notation Order ordering Plaintiff to appear for the scheduled physical examination and stated that her failure to do so "may result in sanctions including dismissal of her case." Doc. #45. Defendants' Motion to Compel was also resolved informally with Defendants thereafter filing a Motion to Withdraw the Motion to Compel, Doc. #49. This motion was granted by the Magistrate Judge, the Motion to Compel was denied as moot and counsel was encouraged to request an informal discovery dispute conference with the Magistrate Judge before filing any future motions to compel. Doc. #50.

plaintiff." *Schaefer*, 529 F.3d at 736 (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005)). Such conduct is defined as "'perverse in resisting authority'" and "'stubbornly disobedient.'" *Schaefer,* 529 F.3d at 737, (quotation omitted). In deciding whether dismissal of a case is appropriate for failure to prosecute, the Court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id., (citing Knoll*, 176 F.3d at 363).

These factors are "applied more stringently in cases where the plaintiff attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir.1997).[4]

The Court will review the discovery disputes argued by Defendants in their Motion, using the *Schaefer* four factor test, followed by a similar analysis of Plaintiff's failure to comply with the Court's January 19, 2021, Notation Order.

## II. The Discovery Disputes

It is unclear from the record if *Schaefer's* first factor, whether Plaintiff's alleged failure to cooperate in discovery due to "willfulness, bad faith, or fault," has been established. Concerning the dispute regarding the scheduling of an

---

[4] Defendants do not assert, and there is no indication in the record, that Plaintiffs' attorneys are responsible for any conduct leading to dismissal of this case.

4

independent medical examination, Defendants filed a motion for Plaintiff to submit to a "physical examination by Defendants' medical expert" pursuant to Rule 35 of the Federal Rules of Civil Procedure. Doc. #41. Plaintiffs' counsel responded to this motion, in part, as follows:

> While the parties have agreed to multiple dates, there has been failed agreement as to times available. As such, Plaintiff requests. . . [a] protective order as to the noticed date of the 23rd. Plaintiff has two young children for whom she is the primary caregiver and she must satisfy certain responsibilities. Given those responsibilities, Plaintiff has agreed and made herself available during the following dates and times . . . Defendant has noticed September 23rd in his Rule 35 motion; however, Plaintiff has a doctor's appointment scheduled that morning and [a] child support hearing that afternoon."

Doc. #43, PageID#194.[5]

Defendants' Motion also contends they were forced to file a Motion to Compel, Doc. #47, because Plaintiff failed to provide evidence of her alleged lost wages and to execute additional medical authorizations. Plaintiffs did not respond to this motion and, as stated earlier in this Decision and Entry,[6] it was resolved informally. Doc. #49, PageID#280. The authorizations were apparently executed and Plaintiff agreed to provide records of her lost wages.[7] The Court is unable to determine, however, the reasons for the delay in providing this discovery to Defendants. Accordingly, because the Court is unable to tell from the record

---

[5] The Magistrate Judge ultimately scheduled a date for Plaintiff's independent medical examination. The record does not indicate whether Plaintiff attended this examination.

[6] *See*, infra, n.3.

[7] Because no records of lost wages were ever provided by Plaintiff to Defendants, no documentary evidence of her lost wage claim apparently exists. Doc. #73, PageID#744.

whether Plaintiff's failure to respond to discovery is due to "willfulness, bad faith, or fault," the first *Schaefer* factor is not met.

As to the second factor in *Schaefer*, whether Defendants have been prejudiced by the Plaintiff's conduct, the Sixth Circuit has explained that "[t]he key to finding prejudice . . . is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 739 (alterations in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In this regard, it appears that Defendants did incur unnecessary costs due to Plaintiff's delay, for whatever reason, in responding to their discovery requests. Moreover, the record indicates that these requests were ultimately resolved in Defendants' favor. Therefore, Defendants have been prejudiced by Plaintiff's conduct and the second *Schaefer* factor is satisfied.

Defendants next argue that the third factor, whether Plaintiff was warned that failure to cooperate could lead to dismissal, has also been met. In support of the third *Schaefer* factor, they incorrectly assert that Plaintiff was "warned" by the Magistrate Judge in a September 12, 2019, Notation Order, Doc. #45, "that her failure to cooperate in discovery may result in 'sanctions including dismissal of her case.'" Doc. #73, PageID#747. The Magistrate Judge's September 12, 2019, Notation Order, Doc. #45, however, does not reference any warning of a "failure to cooperate in discovery." Instead, the Notation Order states that Plaintiff's failure to appear for her scheduled medical examination could result in sanctions,

6

including dismissal.[8] Although Defendants have mischaracterized the Magistrate Judge's Notation Order in their Motion, the Court finds that a review of the September 12, 2019, Order satisfies the third *Schaefer* factor.

The fourth factor, whether less drastic sanctions were imposed or considered before dismissal was ordered, is not addressed by Defendants. Based on the factual background of this case, the Court does not find that this factor is helpful in deciding whether this case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

In analyzing whether dismissal with prejudice for failure to prosecute is warranted, the Court must weigh "competing concerns." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.1993). These "competing concerns" include the "need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims" against "the policy which favors disposition of cases on their merits." *Id.* Here, Plaintiff's delay in responding to discovery requests has prejudiced Defendants by creating unnecessary expense. However, "none of the [*Schaefer*] factors is outcome dispositive" and there is no clear record of a litigant "perverse in resisting authority" and "stubbornly disobedient," *Schaefer*, 529 F.3d at 737. For these reasons, Defendants' Motion to Dismiss for Lack of Prosecution

---

[8] The Notation Order reads as follows: "As agreed to by Counsel for Plaintiff and Defendants during the phone conference on 9/12/2019, Plaintiff Chassidy Akbar is hereby ORDERED to appear for a medical exam . . . Her failure to appear may result in sanctions including dismissal of her case. IT IS SO ORDERED." Doc. #45

and her repeated failure to cooperate in discovery, pursuant to Rule 41(b), Doc. #73, is overruled.

### III. Court's January 19, 2021, Notation Order

Pursuant to Fed. R. Civ. P. 41(b), "if a plaintiff fails to . . . comply with. . . a court order, a defendant may move to dismiss the action. . ." On November 30, 2020, Plaintiffs' counsel filed a Motion to Withdraw. Doc. #71. In this motion, Plaintiffs' prior counsel stated "an impasse as to strategy and how to move forward on this case" has occurred and "Plaintiffs have requested the opportunity to seek alternative counsel." *Id.*, PageID#730. Based on this pleading, Plaintiff was aware, from at least November 30, 2020, that should the motion to withdraw be granted, she would be without counsel to represent her and her co-Plaintiff.

On January 19, 2021, a Notation Order was filed and served on Plaintiff sustaining the Motion to Withdraw, Doc. #71, and giving her thirty days to obtain new counsel. Despite service of the Notation Order and the Motion to Withdraw, Doc. #71, no attorney has entered an appearance on behalf of Plaintiffs. Moreover, because Plaintiff has filed no response to Defendants' Motion to Dismiss for Lack of Prosecution,[9] the Court has no information as to whether she intends to proceed with her case, either *pro se* on her claim and with counsel on the claim of her co-Plaintiff. Although Defendants argue that because Plaintiff has

---

[9] Defendants also served Plaintiff by certified mail their Motion to Dismiss for Lack of Prosecution, Doc. #76.

8

failed to comply with this Notation Order the action should be dismissed pursuant to Fed. R. Civ. P. 41(b), there is a strong preference which favors disposition of cases on the merits. *Schaefer,* 529 F.3d at 737.

Accordingly, although the Court dismisses this action due to Plaintiff's failure to comply with the Court's January 19, 2021, Notation Order, the dismissal is <u>without prejudice</u>.

## IV. Conclusion

For the reasons set forth above, the Court OVERRULES Defendants' Motion to Dismiss for Lack of Prosecution and repeated failure to cooperate in discovery under Fed. R. Civ. P. 41(b), Doc. #73. The Court SUSTAINS Defendants' motion for dismissal of this case for failure to comply with this Court's Notation Order of January 19, 2021, <u>without prejudice</u>. Thus, the Court OVERRULES Defendants' Motion that the dismissal be with prejudice. The Court OVERRULES Defendants' Request for a Status Conference, Doc. #74, as moot.

If Plaintiffs wish to file a new complaint on the same set of operative facts, the following conditions shall apply:

1. Plaintiffs must obtain leave of Court to file any new complaint in this Court;
2. Any new complaint that is filed in this Court, or is filed in state court and subsequently removed to this Court, shall be deemed "related" to the captioned case and placed on this Court's docket;

3. Plaintiffs must obtain leave of Court prior to conducting any additional discovery, and must demonstrate good cause as to why the Court should allow that discovery; and

4. If Defendants are forced to undertake any duplicative actions as a result of the refiled case, then Plaintiffs, upon receipt of an affidavit containing an itemized statement of Defendants' costs and reasonable attorney fees incurred, shall, should the Court so order, after hearing the parties' respective positions, reimburse Defendants for these costs and reasonable attorney fees before the litigation proceeds further.

The captioned case is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: August 16, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE